IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE, *Plaintiff,* v. HILLSTONE RESTAURANT GROUP, INC. d/b/a R+D KITCHEN, *Defendant.* | CIVIL ACTION NO. 3:20-CV-01151-M |

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)
AND SANCTIONS UNDER FED. R. CIV. P. 11

This lawsuit arises from a simple premise: Plaintiff is seeking relief to permit her a safe workplace, consistent with the clear guidance of the CDC, the President of the United States, the recommendations of Gov. Abbott's task force, and executive orders. The issue is should she and her fellow employees wear face coverings as personal protective equipment during this time of emergency as we deal with the SARS-CoV2 virus and its deadly disease, COVID-19.

This case was filed in state court and properly belongs there. Defendant Hillstone improperly removed this case to federal court, and the circumstances and timing of the removal is highly suggestive that the removal was done in bad faith in an effort to avoid the capacity of state District Judge Tonya Parker to hold a hearing on and potentially grant a temporary restraining order.

After removal, this Court gave Defendant an opportunity to state any basis for federal jurisdiction. Defendant did not even try to state a colorable basis for jurisdiction. Instead, Defendant took the highly unusual step of filing its own bare bones Motion for Remand of the very case they removed to this Court and—in so doing—certifying to this Court that they had no good faith basis for removal. The Court has granted that remand, but Defendant should not be permitted to avoid consequences for their bad faith removal.

Plaintiff asks this Court to grant attorneys' fees under 28 U.S.C. § 1447(c) in the amount of $4,525.00 and sanctions under FRCP 11 in the amount of $475.00.

I.
RELEVANT BACKGROUND

On May 7, 2020, Jane Doe filed her *Application for Temporary Restraining Order, Application for Temporary Injunction, and First Amended Petition*. The injunctive relief at issue involved the need of a few dozen workers at R+D Kitchen to wear face coverings during this time of declared public health emergency consistent with the Dallas County orders of County Judge Clay Jenkins and Governor Greg Abbott, as well as the published recommendations of the CDC, President Trump, and his task force. The injunctive relief sought no other restraint or impact on Defendant's business. Of importance, Plaintiff explicitly plead:

> 6.  However, the amount in controversy does **not** exceed the sum or value of $70,000 and therefore there is no federal jurisdiction.

Plaintiff emailed counsel for Hillstone specifically pointing out that paragraph in advance of the temporary restraining order hearing.

At the outset of the hearing on the TRO, Judge Parker called for appearances of the parties, and counsel for Hillside requested some additional time because of a need to get some things on file and referenced a notice of appearance.[1] Typically, a written notice of appearance is not necessary when the Court has requested appearances on the record. Judge Parker then asked if there was any preliminary issue, and counsel for Hillside disclosed that he would be filing a Notice of Removal. Plaintiff specifically noted for the benefit of Hillside that her petition specifically states that she is seeking relief that will not exceed $70,000–that is, below the threshold for diversity jurisdiction. Judge Parker indicated that it was her intention to proceed until she had a Notice of Removal before her. It was apparent at the hearing that counsel for Defendant at times was trying to drag the hearing out in hopes of getting a Notice of Removal on file before Judge Parker could issue an order, thereby stripping her of jurisdiction. After hearing argument, Judge Parker concluded the hearing and granted the temporary restraining order. After the order was granted, Defendant filed a Notice of Removal.

---

[1] The factual allegations in this paragraph are supported by a Declaration of Brent R. Walker attached as Exhibit 1.

After the filing of the Notice of Removal, counsel for Plaintiff quickly researched the law surrounding Defendant's removal, developed a plan, and began preparing a Motion for Remand. The Declaration of Brent R. Walker that is attached as Exhibit 1 sets forth the work that was done in this regard.

The following day, this Court set a telephonic hearing in which this Court raised the issue of whether this Court had jurisdiction. This Court instructed Defendant to provide a brief by noon on Saturday setting forth why this Court had any jurisdiction in this matter. The Court expressed strong skepticism that there was any basis for jurisdiction. Instead of filing an explanation of the basis for jurisdiction, Defendant took the peculiar step of filing its own motion for remand, without making any argument at all. This Court granted remand.

## II.
### Attorneys Fees under 28 U.S.C. § 1447(c) Should Be Awarded In the Amount of $4,525.00

Under the fee-shifting provisions of 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2] The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.[3]

Here removal was objectively improper. Perhaps the best evidence of the improper basis for removal was that when the Court instructed Defendant to set forth the basis for jurisdiction, Defendant did not even make an attempt, but rather moved to remand the case it had removed the day before. Beyond that, removal was objectively improper because the Court had no jurisdiction. There was no federal question jurisdiction, and, although there is diverse citizenship between the parties, the amount in controversy does not exceed $75,000 excluding interests and costs.[4] On the contrary, Plaintiff specifically plead that the amount in controversy was less than $70,000, and Defendant was well aware of that fact, as Plaintiff notified Defendant by email in advance of the TRO hearing and also at the TRO hearing, before the Notice of Removal was filed. When a party

---

[2] 28 U.S.C. § 1447(c).

[3] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

[4] 28 U.S.C. § 1332(a).

specifically pleads and limits their damages under the $75,000 jurisdictional minimum, the Plaintiff is entitled to maintain her case in state court.[5] Further, while the injunctive relief can be considered, a plain review of the face of Plaintiff's pleadings shows that she is seeking the right to wear a face covering, something that is not of value anywhere approaching $70,000, much less $75,000.

Because removal is objectively improper, attorneys' fees and costs should be awarded. As set forth in the Declaration of Brent R. Walker, Plaintiff's counsel began doing work to get the case remanded, and when the services were done, Plaintiff's counsel fully expected that it was work necessary to fight the removal of this case. The Declaration sets out that the firm's lawyers performed a reasonable amount of work totaling 8.75 hours. Billing discretion was used in not charging three times for a meeting between the three lawyers, as well as not billing for every email or conversation, nor billing for paralegal time. The Declaration further sets forth that the reasonable value of those services based on the firm's standard billing rates that are reasonable in the community totals $4,525.00. Plaintiff incorporates the Declaration of Exhibit 1 in this Response setting forth the work performed, the reasons for the services, the billing rates, the basis for those rates, and the total. Plaintiff further notes that while Plaintiff has a right to expenses, Plaintiff is waiving those expenses.

In sum, Plaintiff requests that the Court order attorneys' fees of $4,525.00.

### III.
### Sanctions Should be Awarded in the Amount of $475.00

In addition to the fee-shifting under 1447(c), the Court has the discretion to award sanctions under FRCP 11 if a removal to federal court is done "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" including removing a matter to avoid a judgment.[6]

Here, given the timing and circumstances of the removal, it appears that Defendant removed this case to frustrate or avoid the capacity of Judge Tonya Parker to hear and enter an order on the temporary restraining order application. That effort was unsuccessful as Judge Parker entered the

---

[5] *See e.g.* 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted). *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting "a plaintiff who does not 'desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'").

[6] *See, e.g. Davis v. Veslan Enterps.*, 765 F.2d 494, 500 (Tex. 1985) (sanctions appropriate when removal was done to avoid entry of judgment).

TRO. Defendant gave up and moved to remand after its own removal which supports the conclusion that the removal was not bona fide or in good faith, but was a tactical move. When the tactical move did not benefit Defendant, it did not even try to defend its removal.

The Court should enter sanctions to punish and deter such further removals for the improper purpose of avoiding a TRO hearing.

Plaintiff requests that the Court enter the award of a modest sum of $475.00 even though additional sanctions might be warranted.

## IV.
## Prayer

Plaintiff respectfully prays that the Court award $4,525.00 in attorneys' fees and $475.00 in sanctions as a result of the improper removal that was done for the wrong purpose of seeking delay and avoiding the TRO hearing. Plaintiff further prays for additional relief to which she is entitled.

Respectfully submitted,

  /s/ *Charla G. Aldous*
Charla G. Aldous
State Bar. No. 20545235
caldous@aldouslaw.com
Brent R. Walker
State Bar No. 24047053
bwalker@aldouslaw.com

Aldous\Walker ᴸᴸᴾ
4311 Oak Lawn Ave., Suite 150
Dallas, TX 75219
Phone: (214) 526-5595
Fax:    (214) 526-5525

Attorneys for Plaintiff

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's e-filing system on this 14th day of May, 2020.

  /s/ *Charla G. Aldous*
Charla G. Aldous